# Fogarty v. Witty, Appellant.

*Contract—Builder's contract—Defenses—Case for jury.*

In an action of assumpsit to recover a balance due on a written contract for the erection of a building in accordance with certain plans and specifications where the defense is that plaintiff had failed substantially to perform his contract and that one of defendants had been released from his obligations by the plaintiff, but where it appears that the question of substantial performance was submitted to the jury with full and accurate instructions and that the allegation that one of the defendants had been released from his obligations is not sustained by the evidence, a verdict and judgment for plaintiff will be sustained.

Argued Jan. 7, 1914. Appeal, No. 176, Jan. T., 1913, by Charles H. Witty, from judgment of C. P. No. 3, Philadelphia Co., June T., 1911, No. 3572, on verdict for plaintiff in case of Owen Fogarty v. Joseph F. A. Hagan, and Charles H. Witty. Before FELL, C. J., BROWN, MESTREZAT, POTTER, STEWART and MOSCHZISKER, JJ. Affirmed.

Assumpsit to recover a balance alleged to be due on a building contract. Before FERGUSON, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $30,534.72 and judgment thereon. Defendant Witty appealed.

*Errors assigned* were various rulings on evidence and the charge to the jury.

*Daniel R. Rothermel,* with him *Walter Biddle Saul,* for appellant.

*Owen J. Roberts,* of *Roberts, Montgomery & McKeehan,* for appellee.

PER CURIAM, February 9, 1914:

The appellant, Witty, is one of two defendants against whom a judgment was obtained in an action on a written contract for the erection of a building in accordance with certain plans and specifications. A recovery in the action was resisted by both defendants on the ground of failure of the plaintiff to substantially perform the contract and by Witty for the additional reason alleged by him that he had been released from his contract obligations by the plaintiff. The first ground of defense was submitted to the jury with full and accurate instructions to which we find no valid objection. The second ground was not sustained by proof received and the offers of testimony rejected would not have sustained it, if admitted. The offers were not to prove that the plaintiff had released Witty or that they had mutually released each other—they went only to the extent of showing that Witty had withdrawn from the enterprise into which he and his coobligor entered and that of this he had notified the plaintiff.

We find no error in the record and the judgment is affirmed.